## No. 740.

### A. R. BOOTH vs. THE CITY OF SHREVEPORT.

The consent of a municipal corporation to a contract may be as effectually given by the action or inaction of the common council, as by a formal resolution of the council.

APPEAL from the Tenth Judicial District Court, parish of Caddo. Looney, J.

Nutt & Leonard, for plaintiff and appellee.

T. Alexander, City Attorney, for defendant.

The opinion of the court was delivered by

DEBLANC, J. Plaintiff claims from the city of Shreveport the sum of $583 33, which he alleges to be the balance due him on his salary as officer of the Board of Health of said city, from the first of November, 1874, to the first of June, 1875.

It is conceded and proved that plaintiff was elected health officer; that his salary was fixed by the aforesaid board at one thousand dollars per

annum; that he performed the duties appertaining to his office, and that the board has no funds applicable to his claim.

Defendant denies any liability to plaintiff, and rests its defense on one of the sections of the act of the Legislature creating the Board of Health for the city of Shreveport, which declares that in case the funds arising from the collection of fees and fines, as provided in the act, are insufficient to meet all the necessary expenses of the Board of Health, then such deficiency shall be paid by the city of Shreveport, "provided said expense is incurred with the consent of the municipal authorities of said city." Act No. 142 of 1874, section thirteen.

In the language of the statute, has the expense incident to the appointment of the health officer been incurred with the consent of the municipal authorities of Shreveport?

Up to November, 1874, each monthly installment of plaintiff's salary was paid by the city, with the consent and approval of its council. In December, 1874, at the first or second meeting of the council during that month, plaintiff, as he had done before, presented his account for approval. In his declaration on the trial, referring to what transpired on that occasion, he said: " My account was tabled, and from that time the council has refused to pay my salary."

This action was taken by the council elected and installed in the city of Shreveport in November, 1874. Of that newly-elected council not a member had belonged to the preceding one.

From the evidence in the record, plaintiff was twice appointed as health officer, the last time on the nineteenth of December, 1874. The date of this appointment is shown by an extract from the proceedings of the Board of Health; as to the date of the first, we are left to infer.

In December, 1874, immediately after his second appointment, plaintiff was informed—by the council's action in regard to his account—that his salary would no longer be paid by the city of Shreveport, and that— if given at all, and howsoever given—the sanction of the previous council of that expense and of its payment was then withdrawn.

With that notice, he accepted the office, discharged the duties imposed by his acceptance, and for his compensation, from the date of that notice, he must look and apply to the Board of Health.

Until the first of November, his accounts were invariably approved and paid by the city. Were not these approvals and payments the highest expression of the council's consent that the expense should be incurred ? The counsel for the city contends that the consent of those who represent a corporation can be evidenced but by a resolution of the common council.

To sustain this too broadly stated proposition, he refers to the decision of this court, in the case of H. N. Seibrecht, Syndic, vs. the City of

New Orleans. In that case the court was not called upon to construe a special statute, one limited in its effects to a fraction of the State; in this, we are, and we must construe it according to its own provisions.

What are those provisions? "If the funds arising from the collection of fees and fines are insufficient to meet all the necessary expenses of the Board of Health, such deficiency shall be paid by the city of Shreveport," and, here, the condition indispensable to bind the city is clearly stated: "The expense referred to can be incurred but *with the consent* of the municipal authorities."

The consent is a mere operation of the mind; it is manifested by words either written or spoken, by action, inaction, or silence. Whatever may be the form of its expression, when expressed it has the effect which the law attaches to it. The statute under consideration does not qualify the consent to be given; it did not, and we can not, distinguish; where there is no qualification, no restriction, we can not presume or legislate either a qualification or restriction.

The payments by the city of Shreveport of the monthly installments of plaintiff's salary were, as long as they were made, ample warrant to continue performing the duties of his office, a silent promise, an absolute consent, to pay for his services. That promise and consent were revoked in December, 1874.

For his services before that revocation, and from the first of November, defendant is liable.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be and it is hereby annulled, avoided, and reversed. It is further ordered, adjudged, and decreed that plaintiff do have judgment against and recover of the city of Shreveport $83 33⅓, with legal interest thereon from the twelfth of April, 1876, and the costs of both courts.

Mr. Justice Egan took no part in the decision of this case.